UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOE J. BALTAS,<br>    Petitioner, | :<br>:<br>: |
| v. | :   Case No. 3:22-cv-571 (VAB) |
| | : |
| COMMISSIONER OF CORRECTONS,<br>    Respondent. | :<br>: |

**RULING AND ORDER**

On December 16, 2022, the Court granted the Respondent's motion to dismiss the petition on the ground that the Petitioner, Joe J. Baltas, failed to exhaust his state court remedies on all grounds for relief and included claims not cognizable in a federal habeas petition.

Mr. Baltas has filed a motion for reconsideration, arguing that the Court made several errors and overlooked several facts that would alter the decision. He contends that the Court erred in stating that he made *pro se* filings while represented by counsel and in determining that the only claim presented to the Connecticut Supreme Court in the petition for certification related to his claim of autonomy. *See* Pet'r.'s Mot. for Reconsideration at 2, ECF No. 43 (Jan. 12, 2023) ("Mot."). Mr. Baltas also alleges that there were "several error[]s regarding [his] original direct appeal[.]" *Id.*

For the following reasons, the motion for reconsideration is **GRANTED in part**, and **DENIED in part**.

The motion for reconsideration is **granted**, to the extent that Mr. Baltas has exhausted his state court remedies on the three examples of prosecutorial misconduct identified below, and is **denied** in all other respects.

I.  **STANDARD OF REVIEW**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). The standard is strict "to ensure the finality of decisions and to prevent the practice of a losing party examining the decision and then plugging the gaps of a lost motion with additional matters." *Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 286 (S.D.N.Y. 2020) (citation and internal quotation marks omitted); *see Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) ("Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion.") (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)); *Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Thus, reconsideration is warranted only if the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Great Am. Ins. Co.*, 439 F. Supp. 3d at 286 (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). This district's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1.

## II.   DISCUSSION

Mr. Baltas first contends that the Court was mistaken when it determined that he was represented by counsel when he made his *pro se* filings and argues that the hybrid representation argument is misplaced. Second, Mr. Baltas contends that the petition for certification included all arguments in his *pro se* petition for certification to appeal filed in the trial court. Finally, Mr. Baltas argues that his claims for prosecutorial misconduct were raised on direct appeal.

The Court will address each of these arguments in turn.

### A.   Hybrid Representation

In support of the motion to dismiss, the Respondent indicated that the State of Connecticut does not recognize hybrid representation and opined that this may be the reason counsel could not locate some documents Mr. Baltas claimed to have filed, in particular, a motion for new trial. *See* Resp't's Mem. in Support of its Mot. to Dismiss at 16 n.4., ECF No. 21 (Jul. 18, 2022). For this reason, the Court rejected Mr. Baltas' claims that he exhausted his state court remedies through *pro se* filings.

Mr. Baltas now contends that he was not represented by counsel at the time he filed his *pro se* petition for certification to appeal. He notes that he filed a *pro se* appearance on March 10, 2020. However, Mr. Baltas points to no data showing that his attorney had been suspended from the practice of law at that time. Indeed, the record evidence suggests that Mr. Baltas was represented.

Mr. Baltas was still in communication with Attorney Cannatelli in February 2021 and attaches to his petition a letter from Attorney Cannatelli, on law firm letterhead, dated February 4, 2021, advising Mr. Baltas about the time within which to file this action. *See* Pet'r's Pet. at

3

151, ECF No. 1 (Apr. 18, 2022) ("Pet."). Among the exhibits Mr. Baltas filed in opposition to the motion to dismiss is a copy of a grievance he filed on August 18, 2022, against Mr. Cannatelli in which Mr. Baltas states that Mr. Cannatelli represented him from 2014 to 2021. *See* Ex. 20 to Pet'r's Mem. in Opp'n to Resp't's Mot. to Dismiss at 245–251, ECF No. 29-1 (Sep. 16, 2022). Although Mr. Baltas references Attorney Cannatelli's suspension, he provides no date when this occurred, only stating that he requested return of his files and a portion of his retainer in 2022. *See id*. at 249-50. The only other reference is a letter from Attorney Cannatelli dated December 26, 2019, mentioning the possibility of suspension and stating that, if this occurred, Attorney Cannatelli would have his associate appear in his place in Mr. Baltas' cases. *See id*. at 278. There is no indication on the docket of the state habeas action that this occurred.

Mr. Baltas filed a motion for appointment of counsel in the state habeas action on March 10, 2020, the same day he filed his *pro se* petition for certification. *See* Pet. at 74. The motion was denied. As a copy of the decision is not part of the record, it is unclear whether the motion was denied because Mr. Baltas was represented or for some other reason.

Mr. Baltas has identified no data the Court overlooked in its decision that clearly shows he was not represented in March 2020.

Accordingly, as a motion for reconsideration is not available to relitigate the issue, the motion for reconsideration will be denied on this ground.

### B. Petition for Certification

As the Court has concluded that Mr. Baltas failed to identify evidence the Court overlooked showing that he was not represented by counsel at the time he filed his *pro se* petition for certification, the inclusion of claims in that petition is ineffective to properly present

4

the claims to the Connecticut Appellate Court. Mr. Baltas is correct that in the appeal filed by counsel, the first ground for relief is that the trial court improperly denied certification to appeal. He is mistaken in his assumption that this ground for relief automatically incorporates his entire *pro se* petition into the appeal.

The Connecticut Appellate Court has set forth the requirements to appeal the habeas court's denial of certification to appeal.

> [A] disappointed habeas corpus litigant [may] invoke appellate jurisdiction for plenary review of the decision of the habeas court upon carrying the burden of persuasion that denial of certification to appeal was an abuse of discretion or that injustice appears to have been done. . . . [T]he petitioner must first show that the habeas court's decision was an abuse of discretion. To establish an abuse of discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . ... If the appeal meets one of the[se] criteria . . ., the habeas court's failure to grant certification to appeal constitutes an abuse of discretion. After successfully demonstrating the existence of an abuse of discretion, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits.

*Holmes v. Commissioner of Corr.*, 107 Conn. App. 662, 664-65 (2008) (citations omitted).

Counsel directed his argument that certification to appeal was improperly denied only to the Sixth Amendment autonomy claim and the related claim for ineffective assistance of counsel. *See* App. G to Resp't's Mem. at 38–40, ECF No. 21-7 (Jul. 18, 2022); Ex. 4 to Pet'r's Mot. at 36–45, ECF No. 43 (Jan. 12, 2023). Thus, appellate jurisdiction was properly invoked only for these claims.

Accordingly, the motion for reconsideration will be denied on this ground.

### C. Direct Appeal Issues

Mr. Baltas contends that the Court improperly determined that he failed to exhaust his state court remedies on his claim regarding the trial court's refusal to permit evidence of Ms. Rock's confession. He argues that the claim was included on direct appeal in his claim that the trial court improperly excluded evidence highly relevant to his defense. The Court has reviewed Mr. Baltas' brief on direct appeal and notes that the only "improperly excluded evidence" referenced was evidence about Ms. Rock's relationship with her stepfather and evidence of a motion for her to harm him. *See* App. D to Resp't's Mem. at 19–22, ECF No. 21-4. As Mr. Baltas did not raise the refusal to permit evidence of Ms. Rock's confession on direct appeal, the claim is not exhausted. As Mr. Baltas has not identified any evidence overlooked by the Court, the motion is denied on this claim.

Finally, Mr. Baltas states that the habeas court found that his claims of prosecutorial misconduct had been "ruled on in full in the prior direct appeal" when it found the claims were barred by *res judicata*. Mr. Baltas is mistaken. A finding that a claim is barred by res judicata means that the claim was, or could have been, raised in the prior action. *See Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, ___ U.S. ___, 140 S. Ct. 1589, 1594 (2020) (explaining that *res judicata* "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated"). The habeas court's determination that claims were barred by res judicata is not a determination that all claims of prosecutorial misconduct were exhausted on direct appeal. In fact, the only examples of prosecutorial misconduct raised on direct appeal related to an incident of domestic violence between Ms. Rock and Mr. Baltas, the comment on the number of corrections Mrs. Laverty

6

made to her statement, and vouching for the credibility of Ms. Rock. *See* App. D to Resp't's Mem. at 47-55.

As these three examples were raised on direct appeal, Mr. Baltas has exhausted his state court remedies on these three examples of prosecutorial misconduct.

Accordingly, the motion for reconsideration is granted as to these three examples only. As Mr. Baltas did not include any claims of prosecutorial misconduct in his habeas appeal, the motion for reconsideration is denied as to all other examples of prosecutorial misconduct included in the federal habeas petition.

## III.    CONCLUSION

Mr. Baltas' motion for reconsideration [**ECF No. 43**] is **GRANTED**, to the extent that Mr. Baltas has exhausted his state court remedies on the three examples of prosecutorial misconduct identified above, and **DENIED** in all other respects.

Mr. Baltas is reminded that, if he wishes to proceed only on the grounds for which he has exhausted his state court remedies, he may file an amended petition containing only the exhausted claims, *i.e.*, the claims identified as exhausted in the ruling on the motion to dismiss and the examples of prosecutorial misconduct listed above. He should do so by **June 2, 2023**.

Mr. Baltas is cautioned, however, that if he chooses to proceed only on the exhausted claims, he will run the risk that any subsequent petition containing the unexhausted claims will not be considered by this Court as it would constitute a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of March 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE