UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOE J. BALTAS, : | |
|    Petitioner, : | |
| : | |
|   v. : | Case No. 3:22-cv-571 (VAB) |
| : | |
| COMMISSIONER OF CORRECTION, : | |
|    Respondent. : | |

**RULING ON PETITIONER'S MOTION FOR DISCOVERY**

     Joe J. Baltas ("Petitioner") has filed a motion seeking to conduct discovery in this habeas corpus action under Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts; and 28 U.S.C. § 1651. He asks that the Court order the Respondent to provide him a complete copy of his underlying criminal trial file including all discovery materials and trial transcripts.

     For the following reasons, Mr. Baltas' motion is **DENIED**.

     Mr. Baltas previously filed a motion asking this Court to order his prior counsel to return his case file to him. The Court denied the motion for lack of jurisdiction over a non-party and directed Mr. Baltas to state court. *See* ECF Nos. 18, 19. Mr. Baltas now states that he received an order from the state court directing counsel to return his file, but counsel has not done so. Mr. Baltas does not indicate that he returned to state court for enforcement of the order. Instead, he now seeks to require the Respondent provide him a copy of his state criminal trial file.

     Section 1651 provides that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The Supreme Court has held that this section gives the federal courts

the power to "fashion appropriate modes of procedure" ... including discovery. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)) (internal quotation marks omitted). Under this authority, the Supreme Court promulgated, and Congress adopted, the Rules Governing Section 2254 Cases in the United States District Courts. *Id.* Thus, although framed as seeking discovery under two separate provisions, Mr. Baltas' claim is essentially a claim under Rule 6(a).

Rule 6(a) provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." To establish good cause in support of a request for discovery in a habeas corpus action, "a petitioner must present specific allegations that give the Court 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.'" *Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 364 (E.D.N.Y. 2013) (quoting *Bracy*, 520 U.S. at 908-09); *see also Armatullo v. Taylor*, No. 04 Civ. 5357(JSR)(GWG), 2005 WL 2386093, at *21 (S.D.N.Y. Sept. 28, 2005) ("[The petitioner's] personal belief that further discovery will yield evidence helpful to him is not enough to establish 'good cause' to grant his requests.").

Mr. Baltas states only that "the materials are necessary for him to adequately litigate this matter[.]" ECF No. 53 at 1. The Court notes that Mr. Baltas has filed documents containing many exhibits, included evidence from his criminal trial and excepts from trial transcripts. In addition, as required under Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Respondent has submitted a copy of the trial transcript relevant to all of Mr. Baltas' claims in this action. Mr. Baltas has not shown that relevant portions of the trial

transcript have not been submitted. Nor has he demonstrated why he cannot effectively litigate with the exhibits and transcript excerpts filed by himself and the Respondent.

Accordingly, his motion requiring the Respondent to provide him a complete copy of his state criminal trial file will be denied.

Mr. Baltas' motion for discovery, ECF No. 53, is **DENIED**.

**SO ORDERED** this 26th day of October 2023 at New Haven, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge