## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOE J. BALTAS,                                         :
   Petitioner,                                    :
                                      :
   v.                                              :          Case No. 3:22-cv-571 (VAB)
                                        :
COMMISSIONER OF CORRECTONS,                            :
   Respondent.                                    :

### RULING AND ORDER

On May 31, 2024, the Court denied the Amended Petition for writ of habeas corpus. Mr. Baltas now seeks reconsideration of that decision, arguing that the Court erred in denying his claim based on *McCoy v. Louisiana*, 584 U.S. 414 (2018).

For the following reasons, the motion for reconsideration is **DENIED**.

## I.   STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). The standard is strict "to ensure the finality of decisions and to prevent the practice of a losing party examining the decision and then plugging the gaps of a lost motion with additional matters." *Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 286 (S.D.N.Y. 2020) (citation and internal quotation marks omitted); *see Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) ("Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion.") (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130

(S.D.N.Y. 2000)); *Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Reconsideration is warranted only if the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Great Am. Ins. Co.*, 439 F. Supp. 3d at 286 (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). This district's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1.

## II.    DISCUSSION

Mr. Baltas argues that the Court erred in relying on the fact that *McCoy* is not retroactive to cases on collateral review because the Respondent did not raise that argument. He also argues that the Court should have understood that, even though he relied only on *McCoy* in his arguments, his claim was not based on that case and the Court should have considered the cases cited in *McCoy* to support his claim.

Where the Respondent does not raise a non-jurisdictional defense, the court may, but is not required to, decline to apply that defense. Non-retroactivity is not jurisdictional. *See Schiro v. Farley*, 510 U.S. 222, 228 (1994) (explaining that "[t]he *Teague* bar to the retroactive application of new rules is not ... jurisdictional"). The district court, however, may consider the defense *sua sponte*. *See Day v. McDonough*, 547 U.S. 198, 206-09 (2006) (noting that, although the question

2

remains open in the Supreme Court, the Circuit Courts have unanimously held that, in appropriate circumstances, the court could raise defenses, including procedural default, statute of limitations, exhaustion, and retroactivity, *sua sponte*); *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994) ("[A] federal court may, but need not, decline to apply *Teague* if the State does not argue it."); *see also Young v. Conway*, 698 F.3d 69, 86 n.11 (2d Cir. 2012) (district court retains discretion to consider defenses not raised by respondent). Mr. Baltas has not identified any cases holding that the district court was precluded from raising non-retroactivity *sua sponte*. Mr. Baltas' motion for reconsideration is denied on this ground.

As to Mr. Baltas's argument that the Court should not have considered his claim based only on *McCoy*, even though he specifically relied on that case and cited no others, he is attempting to reframe his argument, something not permitted in a motion for reconsideration. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (motion for reconsideration is not intended to be "a vehicle for relitigating old issues, presenting the case under new theories ... or otherwise taking a second bite at the apple.").

Further, to prevail on his petition, Mr. Baltas had to show that his conviction was contrary to clearly established federal law. 28 U.S.C. § 2254(d). That law must be found in holdings, not dicta, of the Supreme Court at the time of the state court decision. *White v. Woodall*, 572 U.S. 415, 419 (2014) (" [C]learly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (citations and quotation marks omitted)).

In *McCoy*, the Supreme Court, for the first time, included the concession of guilt as a right included under the Sixth Amendment right to client autonomy. Within the decision, the

3

Court indicated that prior decisions specifically preserved several rights for the client, such as "whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal." 584 U.S. at 422. In *Feretta v. California*, 422 U.S. 806, 823 (1975), the Court included the choice to accept or waive assistance of counsel within the client's right to autonomy.

In *Florida v. Nixon*, 543 U.S. 175 (2004), the Court considered an attorney's concession of guilt where the defendant neither consented nor objected to the concession and found the concession did not violate the Constitution under those circumstances. *Id.* at 178. The Court considered the claim under the ineffective assistance of counsel standard, not as a violation of the Sixth Amendment right to autonomy.

In none of the cases decided before *McCoy*, did the Court hold that an attorney's concession of guilt without the defendant's consent violated the Sixth Amendment right to autonomy. Indeed, the Second Circuit has noted that, in *McCoy*, "the Supreme Court held that a defendant in a criminal case has a 'protected autonomy right'—that is the 'Sixth Amendment-secured autonomy'—'to make fundamental choices about his own defense,' including whether to persist in maintaining his innocence even in the face of overwhelming evidence of his guilt." *United States v. Rosemond*, 958 F.3d 111, 120 (2d Cir. 2020); *see also Stevenson v. Capra*, No. 21-2210, 2023 WL 4118631, at *3 (2d Cir. June 22, 2023) (summary order) ("Prior to *McCoy*, the Supreme Court had never explicitly used the term 'right to autonomy' in the criminal context."), *cert. denied sub nom. Stevenson v. Lilley*, 144 S. Ct. 1039 (2024). Thus, the fact that the court in *McCoy* found support for this position in prior decisions does not mean that the right was clearly established before *McCoy* was decided. Indeed, in his dissent, Justice Alito noted

that the holding appeared to be a "newly discovered constitutional right" that the Court just identified. *McCoy*, 584 U.S. at 439 (Alito, J., dissenting).

As federal habeas relief is warranted only if a conviction is contrary to clearly established federal law found in holdings of the Supreme Court at the time of conviction, this Court properly denied habeas relief on the autonomy claim.

Accordingly, Mr. Baltas's motion for reconsideration must be denied.

III.    **CONCLUSION**

Mr. Baltas' motion for reconsideration [**ECF No. 84**] is **DENIED**.

Mr. Baltas has not made a substantial showing in this motion that he was denied a constitutional right and, thus, a certificate of appealability will not issue.

**SO ORDERED** at New Haven, Connecticut, this 27th day of July 2024.

/s/Victor A. Bolden_____
Victor A. Bolden
United States District Judge

5